Filed 7/18/24  In re A.P. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| In re A.P., a Person Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>A.P.,<br><br>    Defendant and Appellant. | E083203 / E083405<br><br>(Super.Ct.No. J287159)<br><br>OPINION |


APPEAL from the Superior Court of San Bernardino County.  Steven A. Mapes, Judge.  Conditionally reversed.

Janelle B. Price, under appointment by the Court of Appeal, for Defendant and Appellant.

Tom Bunton, County Counsel, Svetlana Kauper, Deputy County Counsel for Plaintiff and Respondent.

1

The juvenile court terminated the parental rights of defendant and appellant A.P. (Mother) to her son, A.R.P. (Minor).  (Welf. & Inst. Code, § 366.26, subd. (b)(1).)[1] Mother contends the juvenile court erred by finding the San Bernardino County Department of Children and Family Services (the Department) conducted an adequate inquiry into whether Minor has any Native American ancestry.  (§ 224.2, subd. (b).) The Department concedes the case should be conditionally reversed so the Department may complete its inquiry into whether Minor has any Native American ancestry.  We conditionally reverse.

## FACTS

The Department took Minor into its custody after Mother was arrested during a traffic stop; Minor was not removed pursuant to a protective custody warrant.  While his case progressed, Minor was in the care of his maternal great-aunt and great-uncle (Aunt and Uncle).  While in their care, Minor maintained "bonds with his maternal relatives." Minor told a Department social worker that he wanted to live with his half-brother (Brother) and their shared maternal grandfather (Grandfather) in Missouri.  Grandfather adopted Brother in 2023.

As the hearing to consider terminating parental rights approached, the Department placed Minor in Grandfather's custody.  Grandfather intends to adopt Minor.  Aunt and Uncle volunteered to adopt Minor if, for some unforeseen

---

[1]  All subsequent statutory references will be to the Welfare and Institutions Code unless otherwise indicated.

circumstance, Grandfather did not adopt. Mother, Grandfather, Minor's maternal step-grandmother, and Aunt and Uncle denied having Native American ancestry.

Mother identified R.J. as Minor's father. R.J. told a Department social worker that a paternity test had been conducted years earlier and he is not Minor's father. R.J. did not want to be involved in the instant case and declined to provide his contact information to the Department. R.J.'s whereabouts were unknown. R.J. remained an alleged father.

**DISCUSSION**

The Department concedes it failed to inquire of some of Minor's maternal relatives regarding any Native American ancestry. According to the Department, the relatives omitted from its inquiry include: "maternal grandmother, maternal aunt, maternal cousin, and maternal great grandfather." (§ 224.2, subd. (b).) Because the Department concedes the error, we move to the issue of prejudice.

"Because the failure here concerned the agency's duty of initial inquiry, only state law is involved. Where a violation is only state law, we may not reverse unless we find that the error was prejudicial." (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 742.) "Reversal is justified 'only when the court, "after an examination of the entire cause, including the evidence," is of the "opinion" that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.' " (*In re J.S.* (2011) 196 Cal.App.4th 1069, 1078-1079.) " '[D]ependent children have a critical interest in avoiding unnecessary delays to their long-term placement.' " (*In re Christopher L.* (2022) 12 Cal.5th 1063, 1081.)

3

If Minor were found to be an Indian child, then the statutorily preferred pre-adoption placement for him would be with extended family. (25 U.S.C.A. § 1915(b)(i).) In regard to adoption of an Indian child, the statutory preference is for an extended family member to adopt. (25 U.S.C.A. § 1915(a).)

Grandfather is Minor's extended relative. Minor resides with Brother and Grandfather. Grandfather intends to adopt Minor. If that adoption fails to be completed for some reason, then Aunt and Uncle, who are Minor's extended relatives, intend to adopt Minor. Thus, if Minor were found to be an Indian child, then the statutory preferences for placement with extended relatives and adoption by extended relatives would be satisfied in this case. In other words, one could conclude that it is not reasonably probable that anything about Minor's placement would change if he were found to be an Indian child. In such cases where the child is placed with extended relatives, some find an inquiry error to be harmless because the statutory preferences for placement and adoption of Indian children have been satisfied. (*In re S.S.* (2022) 75 Cal.App.5th 575, 582-583 [inquiry error is harmless when child is placed with grandparent].)

However, our court has concluded that placement with an extended family member does not render an inquiry error harmless. In *In re D.B.* (2022) 87 Cal.App.5th 239, 248, this court reasoned, "If the [child welfare agency] had conducted a proper ICWA[2] inquiry and found reason to believe ICWA applied, this 'case could have

---

**2** Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 *et seq.*).

followed a different path with a different outcome.' [Citation.] If the Department learned from the paternal grandmother or great-grandmother that [the child] might be an Indian child, then (1) the tribe could intervene in the dependency proceedings (§ 224.4; see 25 U.S.C. § 1911(c)), (2) the tribe may have a different placement preference for [the child] (see 25 U.S.C. § 1915(c)), and (3) the tribe may not have terminated parental rights." Due to the foregoing possibilities, this court concluded the failure to conduct an adequate inquiry was prejudicial. (*Id.* at p. 249.)

In the instant case, the Department concedes that the error is prejudicial. As a result, we are not presented with an argument asserting the error is harmless under *In re S.S.*, *supra*, 75 Cal.App.5th at pages 582 through 583. Because the Department is advocating in favor of finding the error not harmless, we will conditionally reverse the judgment so the Department may complete its inquiry into whether Minor has any Native American ancestry. (Govt. Code, § 68081 [appellate court cannot decide an unbriefed issue]; see also *In re Oscar H.* (2022) 84 Cal.App.5th 933, 939-940 [similar conclusion].)

## DISPOSITION

The order terminating parental rights under section 366.26 is conditionally reversed. The juvenile court shall order, pursuant to section 224.2, subdivision (b), and California Rules of Court rules 5.481 and 5.482, that within 30 days of the remittitur being issued the Department perform a diligent inquiry into whether Minor has any Native American ancestry. If adequate additional investigation is performed but yields no further information that could assist the Bureau of Indian Affairs or a specific tribe

5

or tribes in determining whether Minor is an Indian child, then the juvenile court shall reinstate its section 366.26 order. If, as a result of that inquiry, new information is obtained that may assist the Bureau of Indian Affairs or a tribe in determining whether Minor is an Indian child, then the juvenile court shall order the Department to provide the relevant tribe(s) and the Bureau of Indian Affairs with proper notice of the pending proceedings.

In the event no tribe responds indicating Minor is an Indian child, or if no tribe seeks to intervene, then the juvenile court shall reinstate its section 366.26 orders. If a tribe determines that Minor is an Indian child and seeks to intervene in the proceedings, then the juvenile court shall vacate its prior orders and conduct all proceedings in accordance with the ICWA and related California laws. (*In re Josiah T.* (2021) 71 Cal.App.5th 388, 409.)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

RAMIREZ
P. J.

FIELDS
J.

6